UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TIMOTHY A. COOPER,<br><br>Plaintiff,<br><br>v.<br><br>TIPPECANOE COUNTY SHERIFF's DEPARTMENT, *et al.*,<br><br>Defendants. | Cause No. 4:23-CV-84-PPS-JEM |

## OPINION AND ORDER

Timothy A. Cooper, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. [DE 5.] As required by 28 U.S.C. § 1915A, I must review this pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Cooper is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Cooper is being detained at the Tippecanoe County Jail. Some of his allegations are difficult to follow, but he appears to claim that when he was at the jail in

2019 and 2020 in connection with a prior case, his mail was opened and tampered with by Melissa Smith, who worked in the jail commissary.[1] He further claims that Jail Commander Tom Lehman and Assistant Jail Commander Carrie Morgan should be held liable for Ms. Smith's actions because they are "legally responsible for the operation of the Tippecanoe County Jail." He sues Ms. Smith, Commander Lehman, Assistant Commander Morgan, and their employer the Tippecanoe County Sheriff's Department.

Inmates have a constitutional right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is evident that Mr. Cooper is suing over events occurring in 2019 and 2020, and that he was aware his mail was opened at the time this occurred. He tendered his original complaint for mailing in September 2023, more than two years later.[2]

---

[1] Public records reflect that Mr. Cooper is currently in custody on a pending charge of failing to register as a sex offender. *State of Indiana v. Cooper*, 79D02-2308-F5-164 (Tippecanoe Sup. Ct. filed Aug. 16, 2023). He incurred a prior conviction for this same offense in 2020. *State of Indiana v. Cooper*, 79D02-1907-F5-123 (Tippecanoe Sup. Ct. closed Mar. 24, 2020). It can be discerned from the docket in the prior case that he was detained at the jail from roughly July 2019 to March 2020. *Id.* I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[2] His original complaint was stricken because it was not on the right form and contained other deficiencies. I will presume for purposes of this opinion that the amended complaint filed in November 2023 "relates back" to the original under Federal Rule of Civil Procedure 15(c).

2

Untimeliness is an affirmative defense, but dismissal at the pleading stage is permissible when it is clear from the face of the complaint that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here with respect to any claim stemming from alleged mishandling of his mail in 2019 and 2020.

Mr. Cooper additionally claims that Ms. Smith, Commander Lehman, and Assistant Commander Morgan are "responsible for my guilty sentence, because they were preventing me from getting into contact with the ACLU" and the "Indiana Judicial Nomination Commission." It appears he wanted to report an alleged conspiracy between his attorney, the prosecutor, and the judge who presided over his criminal case; he claims the three worked together to secure a conviction by requiring him to wear shackles during his jury trial. He also believes the judge "did absolutely nothing" to protect his rights during the criminal case.

He may be claiming a denial of his right of access to the courts based on these allegations. The right of access to the courts is not an "abstract, freestanding right," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and instead hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). To state a claim, the inmate is required to "spell out" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Mr. Cooper claims that he was convicted of a criminal offense because jail staff prevented him from contacting organizations that could have investigated alleged

3

misconduct by the judge, prosecutor, and defense attorney in his criminal case. However, *Heck v. Humphrey*, 512 U.S. 477 (1977), prevents him from arguing in a civil suit that he was wrongfully convicted, even in connection with an access-to-the-courts claim. *See Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (prisoner's claim for violation of his right of access to the courts was barred by *Heck*, "which forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside, which [he] has not done"); *Nance v. Vieregge,* 147 F.3d 589, 591 (7th Cir. 1998) (prisoner could not sue for denial of access to the courts based on alleged hindrance of his ability to challenge his guilty plea unless he first succeeded in getting his conviction set aside). A claim that his rights were violated because he had to wear shackles in front of the jury, or that he did not receive effective assistance of counsel because his attorney was conspiring with the prosecutor, belongs in a habeas petition, not a civil rights suit. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019). Mr. Cooper cannot pursue an access-to-the-courts claim based on an allegation that he was wrongfully convicted unless his conviction is overturned, vacated, or set aside. This claim must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

Therefore, the amended complaint does not state a claim upon which relief can be granted. He has already amended his complaint once, but in the interest of justice, I will allow him an additional opportunity to replead if he believes he can overcome the barriers identified in this order to state a plausible claim, consistent with the allegations

he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the Court:

(1) **GRANTS** the plaintiff until **March 6, 2024**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

**SO ORDERED** on February 6, 2024.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT